IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                     Case Nos.:      4:11cr20/RH/CAS
                                                        4:13cv612/RH/CAS

RANDALL ROEBUCK, JR.,
        Defendant.

_____

## REPORT AND RECOMMENDATION

Defendant Randall Roebuck, through appointed counsel, filed an

amended Motion to Correct Sentence Under 28 U.S.C. § 2255 and a

supplement thereto contending that he is entitled to sentencing relief

pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).   (ECF Nos.

70, 74).   The Government filed a response in opposition, and Defendant

filed a reply.   (ECF Nos. 75, 78).   This case was referred to the

undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.   See

N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P.

72(b).   After a review of the record and the arguments presented, it is the

opinion of the undersigned that Defendant has not raised any issue

requiring an evidentiary hearing and that the § 2255 motion should be

denied.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

<u>BACKGROUND</u>

Defendant Randall Roebuck, Jr., was convicted after a jury trial of

possessing a firearm and ammunition as a convicted felon in violation of 18

U.S.C. §§ 922(g)(1) and 924(e).   (ECF Nos. 1, 21).   Defendant's final

Presentence Investigation Report ("PSR") reflected a base offense level of

20 and a two level adjustment because the firearm in his possession had

been reported stolen for an Adjusted Offense Level of 22.   (ECF No. 31,

PSR ¶¶ 15, 16, 20).   Pursuant to the Armed Career Criminal Act,

("ACCA"), 18 U.S.C. § 924(e), a person who has three previous convictions

for a violent felony, a serious drug offense, or both, is classified as an

armed career criminal, and is subject to a mandatory minimum fifteen year

penalty.   Additionally, the sentencing guidelines provide for an enhanced

sentence for such an individual.   U.S.S.G. § 4B1.4(a) and (b)(3)(B).

Roebuck qualified for these enhanced penalties due to prior convictions for

Aggravated Assault with a Deadly Weapon, Armed Robbery with a Firearm;

Armed Carjacking; False Imprisonment (two charges); Armed Robbery with

a Deadly Weapon, Burglary of a Dwelling with Person Assaulted. (ECF No.

31, PSR ¶ 21).   As a result of the Chapter Four enhancement, his offense

level became 33.   Roebuck's criminal history category was VI, yielding a

guidelines range of 235 to 293 months.   The court sentenced him at the

low end of this range to a term of 235 months imprisonment, followed by

five years of supervised release.   (ECF No. 36).   Defendant appealed,

challenging the assessment of criminal history points for some of his prior

convictions.   The Eleventh Circuit affirmed (ECF No. 55), and the Supreme

Court denied Defendant's petition for certiorari on October 7, 2013.   (ECF

No. 59).

Defendant timely filed a pro se motion to vacate pursuant to 28

U.S.C. § 2255 in November of 2013.   (ECF No. 60).   The Government

responded and Defendant filed a reply.   (ECF Nos. 64, 65).   While the

motion was pending, the Supreme Court issued its decision in *Johnson v.

United States*, 135 S. Ct. 2551 (2015) invalidating the so-called "residual

clause" of the Armed Career Criminal Act.   Defendant requested the

appointment of counsel to assess his eligibility for relief under *Johnson*,

which request the undersigned denied as moot in light of the standing order

of appointment of the Federal Public Defender for this same purpose.

(ECF Nos. 66, 67).   The Office of the Federal Public Defender filed a

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

Motion to Withdraw and for Substitution of Counsel because Defendant's original motion included allegations of ineffectiveness against an attorney from that office who had represented Defendant at trial.   (ECF No. 68).   The district court granted the motion and appointed William Edward Bubsey, Esq. to represent Defendant.   (ECF No. 69).   Mr. Bubsey filed a "placeholder" amended motion to vacate, followed by a supplement thereto. (ECF Nos. 71, 74).   Defendant's amended motion did not reallege the claims raised in his original motion, and as such they are deemed abandoned.   Local Rule 15.1(A).   Roebuck now alleges that after *Johnson,* he no longer qualifies as an armed career criminal and that he is entitled to resentencing without the application of the ACCA enhancement. The Government opposes the motion.

## ANALYSIS

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

*[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   Defendant was sentenced to a term of 235 months imprisonment.   Absent the application of the ACCA enhancement, he would have faced a maximum sentence of ten years imprisonment.   *See* 18 U.S.C. § 924(a)(2).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. Johnson, 135 S. Ct. at 2563.   Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Defendant's ACCA sentence was based on four of Defendant's prior convictions.   These convictions were:   (1) two post-April 24, 1997[1]

---

[1] On April 24, 1997, the Florida Supreme Court issued its decision in *Robinson v. State*, 692 So.2d 883 (Fla. 1997) clarifying the definition of robbery under Florida law.   The court was called upon to determine

convictions for armed robbery with a firearm, in violation of § 812.13(2)(a),

Florida Statutes (PSR ¶¶ 26, 29); a post-April 24, 1997 conviction for

armed carjacking in violation of § 812.13(2)(a), Florida Statutes (PSR ¶ 28);

and a post July 1, 1975 conviction for aggravated assault with a deadly

weapon, in violation of § 784.021(1)(a) (PSR ¶ 25).   (*See also* ECF No. 48

at 2-4).   The Government concedes that none of these convictions was for

an enumerated crime, but argues that each qualifies as a violent felony

under the elements clause.

1.   <u>Florida Armed Robbery with a Firearm</u>

Defendant pleaded nolo contendere and was adjudicated guilty for

two separate incidents of armed robbery with a firearm.   (ECF No. 31,

PSR ¶¶ 26, 29).   Although the offense conduct in the two incidents took

place in April and March of 1997 respectively, the convictions occurred on

August 22, 1997, after the Florida Supreme Court's *Richardson* decision,

noted above.   The Eleventh Circuit held in *United States v. Seabrooks*,

839 F.3d 1326 (11th Cir. 2016), that the defendant's six August 13, 1997

---

whether a conviction for "robbery by sudden snatching" under Georgia law was a qualifying offense for
purposes of Florida's habitual felony offender statute.   In so doing, the court distinguished "theft" and
"robbery" under Florida law, noting the degree of force required for the latter.   *Robinson*, 692 So 2d at
886-887.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

Florida convictions for armed robbery with a firearm qualified as violent felonies under the ACCA's elements clause.   *Seabrooks*, 839 F.3d 1326, 1332, 1340-41 (11th Cir. 2016); *Seabrooks*, 839 F.3d at 1346 (Baldock, J., concurring); *Seabrooks*, 839 F.3d at 1346, 1350-51 (Martin, J., concurring). The court has since held that even armed robbery convictions that occurred before the Florida Supreme Court clarified the definition of robbery under Florida law in *Robinson* are violent felonies under the ACCA's elements clause.   *See United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016).

Defendant appears to concede in his reply that the *Seabrooks* decision is controlling, although he disagrees with the basis for that decision.   (ECF No. 78 at 6-10).   Defendant contends that the case upon which *Seabrooks* relied, *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011), did not address the arguments he raises herein, to wit, that it is impossible to know in any given case which means of committing robbery: (1) force, (2) violence, (3) assault, or (4) putting in fear, was used.   *See Clark v. State*, 43 So. 3d 814, 816 n.3 (Fla 1st DCA 2010) (citing *Horn v. State*, 677 So. 2d 320, 323 (Fla. 1st DCA 1996)).   Defendant argues that a Florida robbery conviction does not require proof of "violent force" capable of causing physical pain or injury to another person as required by *Curtis*

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

*Johnson v. United States*, 559 U.S. 133 (2010).   Rather, he notes that it

can be sustained by the application of any level of force sufficient to

overcome the victim's resistance, however weak, and that other types of

force, such as giving a victim a substance to make him incapable of

resisting, possession of an unseen firearm, or force used against third

parties during the course of the taking, can provide a basis for conviction.

*Lockley*, Defendant argues, did not address the "force" issues he raises

here, and therefore the *Seabrooks*' court's reliance on *Lockley* renders that

precedent invalid with respect to his claim.

The *Seabrooks* court provided two alternative bases for its decision.

It also relied, alternatively, on another Eleventh Circuit case which held that

a 1974 Florida conviction for armed robbery was "undeniably a conviction

for a violent felony" under the ACCA's elements clause.   *Seabrooks*, 839

F.3d at 1339 (quoting *United States v. Dowd*, 451 F.3d 1244, 1255 (11th

Cir. 2006)).

This court cannot disregard *Seabrooks* based on Defendant's

disagreement with one portion of its analysis.   Therefore, Defendant's

Florida convictions for armed robbery with a firearm, contained in

paragraphs 26 and 29 of the PSR, continue to qualify as ACCA predicate

convictions after *Johnson*.

    2.  <u>Florida Armed Carjacking</u>

Defendant also had an August 1997, conviction for armed carjacking

that was used to support the ACCA enhancement.   (ECF No. 31 at ¶ 28).

No case has specifically addressed whether Florida carjacking is a violent

crime under the ACCA after *Johnson*.   However, comparison of the Florida

robbery and the Florida carjacking statutes leads to the inescapable

conclusion that it is.

Under Florida law, robbery is defined as:

> The taking <u>of money or other property</u> which may be the subject
> of larceny from the person or custody of another, with intent to
> either permanently or temporarily deprive the person or the
> owner <u>of the money or other property</u>, when in the course of the
> taking there is the use of force, violence, assault or putting in
> fear.

Fla. Stat. § 812.133(1) (emphasis added).   The Florida carjacking statute

is identical, except for the substitution of the words "of a motor vehicle" for

the words "of money or other property," and the words "of the motor

vehicle" for the words "of the money or other property."   *See* Fla. Stat.

812.133(1).   Thus, the object of the Florida robbery statute is property in

general, while the Florida carjacking statute encompasses a specific kind of property, motor vehicles.   The elements of the two offenses are indistinguishable.   Therefore, under the analysis set forth above, Florida carjacking must also qualify as a violent felony under the ACCA.   *See Fritts; Seabrooks; Dowd; supra.*

As further support for its position, the Government offers that the Florida crime of carjacking is similar to the federal crime of carjacking, and that the latter constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c), which is similar to the elements crime of the ACCA. (*See* ECF No. 77 at 6).   By extension, Florida carjacking would be a violent felony under the ACCA.   *See In re: Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016); *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994).

In either event, the court finds that Defendant's Florida conviction for armed carjacking still qualifies, after *Johnson* as the third necessary predicate conviction to support the ACCA enhancement.

C.   <u>Florida Aggravated Assault with a Deadly Weapon</u>

The fourth conviction that supported the application of the ACCA enhancement was for aggravated assault with a deadly weapon. (ECF No.

31, PSR ¶ 25).   As Defendant concedes in his reply, the Eleventh Circuit

has specifically held that such a conviction is a violent felony under the

ACCA's elements clause.   *United States v. Golden*, Case No. 15-15624,

2017 WL 343523 (11th Cir. Jan. 24, 2017); *see also In re: Hires*, 825 F.3d

1297, 1301 (11th Cir. 2016); *United States v. Gandy*, 710 F.3d 1234, 1237

(11th Cir. 2013) (Florida's aggravated assault on a law enforcement officer

is a violent felony under the ACCA's elements clause.)   The court notes

Defendant's disagreement with the *Golden* decision, but again, such

disagreement does not allow this court to ignore binding precedent.

Conclusion

The four prior convictions used to support the ACCA enhancement

remain proper predicates after *Johnson*, and Defendant has not shown he

is entitled to relief.   As such, his motion to vacate or correct his sentence

should be denied.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The amended motion to vacate, set aside, or correct sentence (ECF No. 70) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

At Tallahassee, Florida, this 31st day of January 2017.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.